[No. 1349.]

R. V. BORDEN, Appellant, v. B. G. CLOW, Respondent.

Mortgage—Adverse Possession Under Claim of Title.—Section 3284, Gen. Stat. providing that " a mortgage of real property shall not be deemed a conveyance, whatever its term, so as to enable the owner of the mortgage to recover possession of the real property without a foreclosure and sale," applies to mortgages out of possession and does not prevent the running of the statute of limitations, before foreclosure, in favor of a mortgagee in adverse possession under claim of title.

Idem—Statute of Limitations.—When a deed to real estate, absolute upon its face, is given to secure a debt, and there is no agreement when such debt shall become due, the statute of limitations begins to run in favor of the grantee in possession immediately on the delivery of the deed.

Operation of the Statute of Limitations—Payment of Taxes by the Mortgageor.—In an action to redeem mortgaged real estate the payment of taxes on the land by either the mortgageor or the mortgagee after the mortgage debt was due will not arrest the operation of the statute of limitations in favor of the mortgagee in possession, and such action is barred when not brought within six years after the maturity of the debt.

Appeal from the District Court of the State of Nevada, Washoe county.

*R. R. Bigelow*, District Judge.

The facts are stated in the opinion.

*Thos. E. Haydon*, and *Baker, Wines & Dorsey*, for Appellant.

I.   The action is not barred by the statute of limitations. The court finds that the deed was a security and was a mortgage. Appellant paid the taxes on the property for 1880-83. Respondent paid the taxes in 1884 and each year thereafter to the date of the commencement of this suit and since. These taxes must all be repaid in all cases of redemption, whether agreed by the mortgageor to be repaid by him or not, whether paid before or after the mortgagee took possession. (Jones on Mortgages, Vol. 2, Sec. 1134; *Cook* v. *Kraft*, 3 Lan. (N. Y.) 512; *Davis* v. *Bean*, 114 Mass. 360; *Dale* v. *McEvers*, 2 Cow. 118; *Rapelye* v. *Prince*, 4 Hill 119.) Each payment of such tax was a last " transaction, a last item charged or last credit given " within the meaning of the statute of limitations.

II.　Whether the loan by respondent to appellant was barred by the statute of limitations at the time of the commencement of this suit or not this action to redeem can be maintained, because under the statute no title could be obtained under the deed given as a mortgage except by foreclosure. (*Hall* v. *Arnott*, 80 Cal. 355-56.)

*T. V. Julien* and *S. D. King*, for Respondent.

I.　Respondent's demand, debt of appellant to respondent, being barred at the time of bringing this action, the reciprocal right of appellant to redeem was likewise barred. (*Cunningham* v. *Hawkins*, 24 Cal. 403; *Espinosa* v. *Gregory*, 40 Cal. 58; *Montgomery* v. *Noyes*, 11 S. W. Rep. 138; 2 Hillard on Mortgages, Sec. 2; 3 Pomeroy's Eq. Jur. Sec. 1219.)

II.　Appellant for years saw respondent treating the property, both land and stock, and making expenditures thereon, as if the same were his own, and never lisped a syllable of objection or protest, and is now estopped to assert any contrary right.　Appellant by his delay has lost whatever right he had, if he ever had any, in the premises. (*Becker* v. *Howard*, 44 N. W. Rep. 755; *Speidell* v. *Henrici*, 120 U. S. 377.)

By the Court, MURPHY, J.:

This was a bill in equity, to have a deed absolute upon its face decreed to be a mortgage, asking for an accounting, and that the plaintiff be permitted to redeem.　The facts are substantially that plaintiff, being indebted to the defendant in the sum of seven hundred and fifty dollars, executed to him a deed absolute in form, conveying eighty acres of land situate in Washoe county.　This deed was executed by the plaintiff and one O. H. Perry on the 29th day of March, 1880.　After the making of the deed, the plaintiff, holding stock of the Highland Ditch & Water Company, a corporation on which there was an assessment due, borrowed money from the defendant to pay the same, and assigned the stock to the defendant. Some time thereafter, another assessment becoming delinquent, defendant paid it, and the plaintiff surrendered his certificate of stock to the company, and had a certificate issue in the name of the defendant.　This change was made, as claimed by the plaintiff, to secure the defendant in the payment of the money

advanced on assessments. The defense set up was that both transactions were absolute sales, and not intended as security for money advanced. The cause was tried by the court without a jury, and the court found, as facts: That the giving of the deed and the transfer of the stock were separate transactions; that the stock transaction was a sale or gift, but the giving of the deed was intended as a mortgage, to secure the payment of the sum of seven hundred and fifty dollars; denied the prayer of the plaintiff for an accounting, as well as his right to redeem, for the reason that his right of redemption was barred by the statute of limitation.

Appellant claims that the giving of the deed, and the assignment and transfer of the stock, was one and the same transaction, and should be considered as such. The court found against him, and the finding is supported by the evidence. The deed was executed on the 29th day of March, 1880; the transfer of the stock to the defendant was made on the books of the company on the 25th day of May, 1883. No conversation was had or agreement entered into at the time of the delivery of the deed as to indicate any further loans by the defendant. Such an interval of time had elapsed after the delivery of the deed and the transfer of the stock, that it could not with propriety have been called one transaction; they were two or more agreements, and two separate contracts. The evidence is conflicting, the plaintiff and his step-son testifying as to their understanding of the transaction, which was neither clear nor convincing. The defendant contradicts them in so far as the assignment and transfer of the stock, being intended as security for the money advanced, taken in connection with the fact that stock in the corporation was selling for assessments levied thereon, and the amount of money paid on assessment by the defendant, supports the finding; and under the well-settled rule as to conflict, it must be assumed that the transfer of the stock to the defendant was absolute. The court having found as a fact that the deed given was intended as a mortgage, to secure the payment of the sum of seven hundred and fifty dollars, the plaintiff argues that no title could be obtained except by foreclosure and sale; and in support of this view he relies on sections 3270 and 3284 of the civil practice act. Section 3270 provides for the form of action for the foreclosure of mortgages, and has no application to this case whatever. Section 3284 reads as follows: " A mort-

gage of real property shall not be deemed a conveyance, whatever its term, so as to enable the owner of the mortgage to recover possession of the real property without a foreclosure and sale."

It will not be denied that a mortgagee out of possession cannot maintain an action to recover real property from one in possession until such time as he has obtained the right so to do by foreclosure proceedings. But this is not an action of that kind, and from aught that appears in the transcript, the defendant entered into possession of the land in controversy in March, 1880, claiming to own the same under his deed, and remained in the quiet and undisturbed possession of the same, until the demand for an accounting was made upon him in 1889; that during said time the defendant improved said premises in building houses, fences, clearing the land, and seeding a small portion of it to alfalfa, costing him three thousand one hundred dollars, and from the testimony given on the hearing, the plaintiff knew of the improvements being made, never objected to the same in any manner, and in fact worked in making said improvements for the defendant; showing conclusively that if the defendant was not holding by virtue of his deed, he was holding adversely to the plaintiff.

Section 3636 Gen. Stat. ("Civil Procedure") reads: "Whenever it shall appear that the occupant, or those under whom he claims, entered into the possession of premises, under claim of title, exclusive of any other right, founding such claim upon a written instrument, as being a conveyance of the premises in question * * * and that there has been continued occupation and possession of the premises included in such instrument * * * or of some part of such premises, under such claim, for five years, the premises so included shall be deemed to have been held adversely."

It is a rule in regard to the statute of limitations, applicable in all cases, that the statute begins to run when the debt is due, and an action can be instituted upon it. There was no agreement between the parties as to when this indebtedness should be paid; therefore the statute began to run immediately upon the delivery of the deed to the defendant. But it is claimed by the plaintiff that, he having paid the taxes on the land for the years 1881, 1882 and 1883, he has a right to have the payments considered as a part of the same transaction, which would in

effect bring the case within the provisions of sections 3644, 3645 Gen. Stat. Nev. Section 3644 reads: "Actions can only be commenced within six years upon a contract, obligation or liability, founded upon an instrument in writing." Section 3645: "The time shall be deemed to date from the last transaction, or the last item charged, or the last credit given." A payment made by the mortgageor on the mortgage debt would bring the case within the provisions of section 3645, and the limitation only commences to run from the time of such payment.

We cannot regard the payment of taxes by the plaintiff as the kind of payment contemplated by the statute. Payment on a debt is equivalent to a new promise to pay the debt. Such payment, however, must be directly applied in the reduction of the amount due on the indebtedness. A payment by a debtor upon some outside matter, which the creditor has never recognized or credited upon the indebtedness, cannot be regarded as a payment on the account. An application of such matter of payment by the debtor, without the assent of the creditor, will not prevent the running of the statute of limitation. A mortgageor cannot manufacture evidence for himself, by making payments upon an indebtedness for which the mortgagee was not bound to pay. It was the duty of the plaintiff to prove that the payment of the taxes was such a payment as entitled him to be credited with the amount on the indebtedness which was the foundation of the transaction. Had the facts been that the mortgagee entered into possession of the premises under an agreement with the mortgagor that he should occupy the same, and that the rents should be applied in the payment of the taxes and extinguishment of the debt, the agreement could readily be enforced; but under the circumstances in this case there has been no mutuality—no meeting of minds of the parties. The mere fact that the plaintiff paid the taxes was not an extinguishment of the indebtedness secured by the deed or mortgage. He could not have gone to the defendant, producing his tax receipt, and demanded that he be given credit upon the mortgage debt. The conveyance being held to be a mortgage, the plaintiff was paying his own debt due the state and county for taxes. He had no claim against the defendant for the amount so paid. Payment within the meaning of the statute must be the actual payment of money, or its equivalent, upon the principle and interest of the debt. Neither can the

plaintiff claim any rights by reason of the defendant's paying the taxes on the land, because the defendant claimed to be the owner of the property, and the payment of the taxes by either party would not stay the running of the statute of limitation against the indebtedness.

The payment of the taxes on the land in this case stands in the same light as the payment of taxes on property mortgaged. In such cases it is usual to embody in the mortgage that the mortgageor shall pay the taxes on the land. If he fails to do so, the mortgagee may pay them and has his lien against the property for the amount of money so paid; but the payment of such taxes does not become merged in the original indebtness; it is but an incident thereof. If paid by the mortgageor, he does so merely to keep his right of redemption good; if paid by the mortgagee, it is to preserve his lien and keep his security from being encumbered by a superior lien. It has also been held that when the instrument itself was silent as to who should pay the taxes, and the party having the equity of redemption fails to pay them, the party holding the paper title may do so; and, upon a proper showing, a court of equity will, in its decree of foreclosure, include the amounts paid on taxes as a lien against the property.

But in no event will the payment of the taxes be enforced after the debt is discharged. The amount due for taxes paid expires with the mortgage. (*Hitchcock* v. *Merrick*, 18 Wis. 360.) The case of *Hill* v. *Townley*, 47 N. W. Rep. 653, was an action to foreclose a mortgage. The statute of limitation had run against the claim. The plaintiff claimed that, by reason of his having paid the taxes on the property, the action was not barred. The court, in passing upon this question, said: "Taxes paid by the mortgagee upon the mortgaged premises may be collected with it as a part of and in the same manner as the amount secured by the original lien. If the mortgage is barred, the claim for taxes, which is merely incidental, must fall with it. The mortgagee can not extend the time of limitation by his own act, on paying the taxes, for the protection of the original lien." The plaintiff not having made any payments on the indebtedness due the defendant for more than six years after the same became due, the right to redeem was barred by the statute, and the payment of taxes by the defendant could not inure to the benefit of the plaintiff, because the defendant could not recover them from the plaintiff. They were a lien against the property.

The payment had no connection with the original transaction, and could not prolong the life of the mortgage, and was not such a payment as the defendant could have charged against the plaintiff as part of the original transaction.

The right to foreclose and the right to redeem are reciprocal and commensurable, and if one cannot be enforced, that is regarded as sufficient to preclude a claim for the other. If the right to forclose is barred by the lapse of time, the right to redeem is barred also. (2 Hil. Mortg. p. 2, Sec. 2; 2 Jones, Mortg. Sec. 1141.)

The doctrine allowing a conveyance to absorb an interest in land which the conveyance alone did not convey, in order to prevent injury being done to one without fault, is of frequent application; as where a party had executed an absolute deed, to have effect only as a mortgage, and had remained in possession of the land which he conveyed, he was denied the aid of equity to assert his title against an innocent purchaser from the holder of the legal title, because the proof showed that he was silent when he should have asserted his right of redemption. Therefore he was not in position to ask equity. The plaintiff's equitable interest was divested, not by way of transfer, nor by way of release working upon the estate, but rather by way of estoppel arising from his voluntary act, by having delayed too long, and until his right to legal remedies had been lost by the remediless lapse of time.

The judgment and order appealed from must be affirmed, and it is so ordered.

BIGELOW, J., did not participate in the foregoing decision, having presided at the trial of the case below.