### OF THE ·

## STATE OF NEVADA

### APRIL TERM, 1906.

[No. 1686.]

C. F. FOX, RESPONDENT, *v.* MRS. HARRIET BERNARD, AS EXECUTRIX OF THE LAST WILL AND TESTAMENT OF WILLIAM M. BERNARD, DECEASED, MRS. HARRIET ORTH, AND J. E. ORTH, APPELLANTS.

1. MORTGAGES—FORECLOSURE—LIMITATIONS. In 1893, plaintiff loaned $400 to a borrower, taking a deed as security, and executing a bond to reconvey on or before 1898 on payment being made. In 1896, plaintiff loaned $600 additional, and accepted as security for $1,000 the deed already made, and by release the borrower relieved plaintiff from the obligations of his bond, who executed a new bond binding him to reconvey on or before January 1, 1900, on the payment of $1,000 and interest. *Held*, that an action for the purpose of declaring the deed a mortgage and foreclosing it, brought in April, 1904, was not barred by limitations, the extension of the time for a reconveyance given by the surrender of the first bond and the execution of the second one being as effective as if plaintiff had conveyed the property to the borrower and taken a new deed from him.

2. EXECUTORS AND ADMINISTRATORS—ACTIONS—LIMITATIONS. Where, in a suit to declare a deed a mortgage and to foreclose it, no judgment for any deficiency was demanded or granted by the judgment directed only against the premises, the fact that the suit was not begun within the time required by the probate act, after the rejection of the demand by the executrix of the deceased grantor, was immaterial, though the executrix was made a party defendant.

APPEAL from District Court of the First Judicial District of the State of Nevada, Lyon County; *M. A. Murphy*, Judge.

Action by C. F. Fox against Mrs. Harriet Bernard, as

executrix of William Bernard, deceased, and individually, and others. From a judgment for plaintiff, defendants appeal. **Affirmed.** Petition for rehearing. **Denied.**

The facts sufficiently appear in the opinion.

*John Lothrop* and *Alfred Chartz*, for Appellants:

I. The plaintiff must prove the contract alleged in his complaint, or he is not entitled to recover. This is not a mere arbitrary rule, but is founded on good sense as well as good law. (22 Ency. Pl. & Pr. 527; Greenl. Ev. sec. 63; Jones, Ev. sec. 235; Rice, Ev. sec. 292; Phil. Ev. 205.) It is submitted that the suit was for the foreclosure of a mortgage, and that the decree can be supported, if at all, only upon the strength of the deed absolute on its face of date February 18, 1893.

II. The mortgage and the debt secured thereby is outlawed. It is dated February 18, 1893. As the acknowledgment of a debt signed by the party charged, it would outlaw February 18, 1899. It has never been renewed by the party to be charged. His name does not appear to a single paper since his signature to said mortgage, in form of a deed absolute on its face. (Comp. Laws, 2700, 3718.) "If a party adopt by mere parol promise the written contract of another, his obligation will be barred by the limitation prescribed for parol contracts." (*Wheeler* v. *Schad*, 7 Nev. 204.) Under the foregoing rule, if the finding of the bond for a deed from C. F. Fox to W. M. Bernard, dated February 8, 1896, amongst the papers of Bernard after his death, can be at all considered as an agreement upon the part of Bernard to pay Fox money, it can only be considered in the light of a parol contract on his part, because his name does not appear to it as a signature, and the life of that contract would expire on February 8, 1900. In other words, said so-called bond for a deed of date February 8, 1896, is nothing more in legal effect than a private memorandum of C. F. Fox. If it be claimed that the bond for a deed prescribes that Bernard would be entitled to a deed only upon payment of the $1,000 and its interest, we answer that that fact does not change the character of the original mortgage of date February 18, 1893, in the form of

a deed absolute on its face, because, whatever the words of the instrument, it was given as, accepted as, and intended to be given and accepted as, a mortgage, and it always has remained so.

III.   Should Fox, having filed his claim, have sued within thirty days after notice of its rejection?   (See Comp. Laws, 2896, 2897, 2898.)   A claim is certainly an entire thing. Plaintiff presented and filed his claim as an entire thing, and, if allowed, would have been entitled to a judgment over and above the amount realized from the mortgage security, to be satisfied from the rest of the estate.   In the suit at bar plaintiff attempts to segregate his rights, and seeks to recover only upon the security he originally obtained on February 18, 1893.

IV.   * * *. "The creditor to establish a claim which has been rejected *must* bring an action against the administrator or executor in some court of general jurisdiction."   (8 Ency. Law, 1093, 1094; *Miller* v. *Dorsey*, 9 Md. 317; *Bowie* v. *Ghiselin*, 30 Md. 557; *Hensel* v. *International Bld. Co.*, 85 Tex. 215; *Price* v. *McIver*, 25 Tex. 769, 78 Am. Dec. 558; *Swan* v. *House*, 50 Tex. 650.)

*Mack & Farrington* and *George D. Pyne*, for Respondent:

I.   The plaintiff alleged in his complaint that the deed, two defeasances, and release were executed to secure the money loaned to Bernard.   All of the authorities cited by appellant under said subdivision are directly in point for respondent.   It is a well-established doctrine that a court of equity will treat a deed absolute in form as a mortgage, when it is executed as a security for an indebtedness, and it may be shown, not only by a defeasance in writing, but by parol evidence.   (Boone, Law of Mortgages, sec. 38, and many authorities cited thereunder; *Bingham* v. *Thompson*, 4 Nev. 232; *Saunders* v. *Stewart*, 7 Nev. 203; *Cookes* v. *Culbertson*, 9 Nev. 199; *Leahigh* v. *White*, 8 Nev. 150.)

II.   It is not necessary to present a mortgage claim against an estate.   (*Kirman* v. *Powning*, 25 Nev. 378; *Scammon* v. *Ward*, 23 Pac. 439; *Reed* v. *Miller*, 1 Wash. 426; Woerner, Admn. 409; *Toulouse* v. *Burkett*, 2 Idaho, 170; *Waughop* v.

*Bartlett,* 165 Ill. 128; *McCallam* v. *Pleasants,* 67 Ind. 545; *Rickards* v. *Hutchinson,* 18 Nev. 215; *Allen* v. *Moer,* 16 Iowa, 307; *Fisher* v. *Mossman,* 11 Ohio St. 42; Wilt. Mortg. Forec. sec. 63; Wood, Lim. 390, cases cited in note 5; *Willard* v. *Van Leeuwen,* 56 Mich. 15, 22 N.W. 185; *McClure* v. *Owens,* 32 Ark. 443; *Richardson* v. *Hickman,* 32 Ark. 407; 8 Am. & Eng. Ency. Law, 2d ed. 1070, and a multitude of cases there cited, 18 states; *Edwards* v. *Hill,* 59 Fed. 723; *Fish* v. *De Laray,* 8 S. D. 320.) In the case of *Kirman* v. *Powning,* counsel for appellant in that case maintained that it was not necessary to present a claim secured by a mortgage to the administratrix of an estate for allowance, before suit for foreclosure could be maintained (see 25 Nev. 381, subd. 5), and succeeded in convincing this court that that was the correct rule. The same counsel now contend that the rule established in that case is not the law. Consistency, thou art a jewel! The authorities cited by counsel for appellant, under subdivision 3 of their brief, are not in point because the facts in those cases present an entirely different question from the one before the court in this case. The probate of a claim does not affect the holder's right to foreclose his mortgage, whether it be allowed or disallowed. (*Kirman* v. *Powning,* 25 Nev. 378; *Verdier* v. *Bigne,* 16 Or. 208; *Fowler* v. *Mickley,* 39 Minn. 28; *Simms* v. *Richardson,* 32 Ark. 297; *Turner* v. *Horner,* 29 Ark. 440; *Lillard* v. *Noble,* 159 Ill. 316; Amer. Law Admn. 2 ed. sec. 409; *Moran* v. *Gardemayer,* 82 Cal. 96; *Willis* v. *Farley,* 24 Cal. 500; *Dreyfuss* v. *Giles,* 79 Cal. 410.)

III.   Counsel for appellant contend that notice of rejection of plaintiff's claim, given by Mr. Lothrop, was equivalent to a notice given by the executrix. Comp. Laws, 2892, provides that the executor shall give notice of appointment and to creditors, and section 2897 provides that notice of rejection of a claim shall be given by the executor to the claimant. If the first notice must be given by the executor, must not the second also be given by the executor? If the first section referred to is mandatory, then the second section referred to is also mandatory. If an attorney can claim notice of the rejection of a claim, why cannot the attorney give notice to creditors? We think our supreme court has

decided that the executor must act in all these matters and cannot delegate his or her authority to any attorney. (*Douglass* v. *Folsom*, 21 Nev. 441.)

*John Lothrop* and *Alfred Chartz*, for Appellants, in reply:

I. It is respectfully submitted, under the facts and the authorities cited in our opening and closing briefs, that:

(1) The only written obligation of W. M. Bernard to pay C. F. Fox any money appears on the deed of February 18, 1893.

(2) That C. F. Fox could not extend the life of said obligation by his own written agreements, without the name of W. M. Bernard.

(3) That such written memoranda, on his part and in his own behalf, would amount to no more than a parol contract, if accepted by Bernard, and such parol contract would outlaw in four years, to wit, on February 8, 1900, being four years from February 8, 1896.

(4) That credits of payment of rent or interest, written by C. F. Fox, did not extend the life of any of the written contracts.

(5) That C. F. Fox was not in possession of any of the lands described in the complaint within five years immediately preceding the beginning of the action.

By the Court, Talbot, J.:

On February 18, 1893, the plaintiff loaned $400 to William Bernard, now deceased, and to secure the payment thereof he deeded to plaintiff on that day the lands described in the complaint, and at the same time plaintiff executed to him a bond for a deed whereby he agreed to reconvey the property on or before February 18, 1898, provided that he was paid on or before that date $400, and also $36 annually. On February 8, 1896, plaintiff loaned Bernard the additional sum of $600, and accepted as security for $1,000 and interest the deed made to plaintiff at the time the $400 was borrowed, and by release made in writing, acknowledged and recorded, Bernard then relieved him from all obligations resulting from the bond made February 18, 1893, and thereupon plaintiff executed to Bernard a new bond, dated February 8,

1896, conditioned that plaintiff would make and deliver a good and sufficient conveyance of the property to Bernard, provided plaintiff were paid $1,000 on or before January 1, 1900, and also $90 annually, and further provisioned that if Bernard paid these amounts and the taxes he would be entitled to the use and possession of the premises. A receipt and the statement or admission of Bernard a short time before his death indicate that the only payments were on interest to the 8th day of February, 1897. He died the following year and letters testamentary were issued to his widow, Mrs. Harriet Bernard, who has since married C. J. Orth. Plaintiff's demand arising out of the above transactions was presented against the estate, and by her as executrix was rejected on August 29, 1898. There is testimony indicating that she had previously recognized the demand by endeavoring to borrow money for its payment. On July 24, 1901, the property was set over to her by decree of distribution. From a judgment decreeing the deed to plaintiff to be a mortgage, and ordering a foreclosure and sale of the premises to satisfy the amount, $1,731.25, and $76.40 costs, found due to plaintiff, she appeals.

The well-settled doctrine, that a deed executed merely for the purpose of securing a debt will be construed as a mortgage, is not assailed, but for appellant it is contended that as suit was not brought until April, 1904, more than six years after the last loan and the giving of the last bond on February 8, 1896, and more than four years after the time, January 1, 1900, fixed for a conveyance thereunder conditioned on payment, the action is barred by the statute of limitations. It is said that by executing a written release of the first bond and accepting a new one in its stead, at the time he borrowed the last amount, $600, Bernard did not sign any writing agreeing to pay or acknowledging a debt, and that therefore the obligation to pay on his part was merely verbal and would be barred in four years. We do not so view that transaction. Most instruments in daily use, such as deeds, mortgages, notes, orders, drafts, and checks, are signed by only one of the parties, but are not, for that reason, verbal, nor half verbal. Although Bernard executed

no note or writing agreeing to pay any money, he signed a deed absolute in terms conveying the property to plaintiff, and by this suit and 'the decree no more is sought than he, under his signature, obligated himself to yield. In equity the extension of the time for a reconveyance by plaintiff, given by the surrender of the first bond, and the execution of a new one ought to be considered as effective as if plaintiff had conveyed the property to Bernard, and taken a new deed from him, which would have left the title in plaintiff as it now stands. It was not necessary to have these extra deeds, and if they had been executed they would not have varied the time for bringing suit, and the initiation of the running of the statute which was controlled by the last bond, and the date therein fixed and extended for payment and reconveyance. Plaintiff is fortified with a writing for all that is awarded him by the judgment and for more if the property is worth more. The loan and giving of the security, which vary the unconditional terms of the deed, and which are shown verbally, are facts favorable to appellant which it would have been incumbent upon her to prove if plaintiff had sued in ejectment for the property and introduced the deed. The bringing of the action four years and four months after January 1, 1900, the time fixed in the last bond for a reconveyance condition on payment, was not too late.

It is also urged that suit was not begun within the time required by the provisions of the probate act after the rejection of the claim by the executrix. Whether this is so is immaterial, for, although she as executrix is named as a party defendant, the allegations of the complaint and the decree may be considered as running against the property only. No judgment for any deficiency after sale or otherwise against the estate is demanded or given by the decree, which is directed only against the premises, and plaintiff's rights to this extent would not be curtailed nor affected by failure to present a claim to the executrix, nor by her rejection of the claim filed, nor by his omission to sue within the time prescribed for commencing actions on rejected claims against estates of deceased persons, as is necessary when it is desired to reach the assets of the estate.

In *Cookes* v. *Culbertson*, 9 Nev. 207, as here, a deed was given as security for a loan which was not evidenced in writing. It was said in the opinion: "The remedy upon the debt is barred by the statute, but the debt was not thereby extinguished; and as the statute of limitations of this state applies to suits in equity as well as actions at law, the creditors could have enforced payment by foreclosure of the mortgage within four years after the cause of action accrued. He had two remedies, one upon the debt, the other upon the mortgage; by losing one he does not necessarily lose the other." Since the rendition of that decision the time for commencing actions on written instruments has been extended from four to six years, and under well-recognized principles plaintiff was allowed that length of time after the date fixed for payment of the $1,000 and for the termination of the bond or a reconveyance, which was January 1, 1900.

As said in *Borden* v. *Clow*, 21 Nev. 278, 30 Pac. 822, 37 Am. St. Rep. 511, "It is a rule in regard to the statute of limitations that the statute begins to run when the debt is due and an action can be instituted upon it." Under the argument for appellant the four years from the final loan on February 8, 1896, to the time for payment of the $1,000 under the bond of January 1, 1900, would be deducted from the six years allowed for bringing suit, and on that theory if the maturity of the loan had been more than six years, instead of four, plaintiff's cause of action would have been barred before it accrued.

The judgment of the district court is affirmed.

ON REHEARING.

By the Court:

Petition for rehearing denied.