WILLIAM H. CRUMBAKER, JEANNE FOSTER, AKA CRUMBAKER, ROSEMARY DRESSER, ONE DOE THROUGH FIFTY DOE, INCLUSIVE, ETC., ET AL., APPELLANTS, *v*. THOMAS L. KELLY, HELEN F. KELLY; AKA HELEN S. KELLY, RESPONDENTS.

No. 10134

November 5, 1979       601 P.2d 1199

*Larry G. Bettis,* Hawthorne, Nevada, for Appellants.

*E. A. Hollingsworth,* Reno, Nevada, for Respondents.

## OPINION

*Per Curiam:*

This is an appeal from a district court judgment quieting title in respondents, Thomas and Helen Kelly. The district court concluded that respondents, as mortgagees in possession, had satisfied all the statutory requirements of adverse possession pursuant to the provisions of NRS 11.150.

Respondents conveyed property described as lots 18, 19 and 20 in block 54 of Goldfield, Nevada, together with buildings and household furnishings, by grant deed to Mr. and Mrs. Crumbaker in 1964. In exchange therefor, Mr. and Mrs. Crumbaker executed a mortgage in favor of the Kellys. The property was subsequently quitclaimed to Rosemary Dresser in November of 1964, who assumed the mortgage and took possession of the property until April of 1965. Thereafter, the monthly payment of $75 due on the mortgage was not paid.

Although the Kellys initiated legal action to foreclose on the mortgage, they did not pursue it to a final judgment. The statute of limitations ran on that cause of action and the Kellys made no other demands for payment.

In May of 1966, the Kellys found the property vacant and padlocked the house. In 1967, the Kellys placed their own tenant on the premises where she has remained to the present time. Rental payments of $75 per month have been made by the tenant to the Kellys. The appellants discovered this arrangement in 1968 but did not object until the institution of this action in 1977.

All of the taxes on the property have been paid by the Kellys with the exception of the 1974–1975 tax year. In that year, Mrs. Crumbaker paid the taxes although Mr. Kelly tendered payment at a later, though still timely, date.

Appellants contend: (1) a mortgagee in possession cannot hold real property adversely to the mortgagor without a clear repudiation of the mortgage and that such repudiation was not shown by the evidence in this case, (2) chapter 40 of the Nevada Revised Statutes rather than chapter 11 controls in this action, and (3) tender of taxes does not satisfy the requirements of NRS 40.090 regarding "payment of taxes."

1.   Foreclosure and sale are not the only means whereby a mortgagee can acquire title to the mortgaged property. Borden v. Clow, 21 Nev. 275, 30 P. 821 (1892). Where the mortgagee repudiates the mortgage relationship and such repudiation is brought to the actual notice of the mortgagor, his possession of the property will be characterized as adverse. Cory v. Santa Ynez Land & Imp. Co., 91 P. 647 (Cal. 1907). A repudiation is effected when the mortgagee by various acts of dominion over the property, asserts an absolute right to the property independent of the mortgage. Baldwin Co. v. Mason, 52 So.2d 668 (Fla. 1951); Cory v. Santa Ynez Land & Imp. Co., supra; Borden v. Clow, supra.

In the instant case, the mortgagees secured the property against the mortgagors' entrance in 1966. They placed their own tenant in the house and have collected rent from her with neither an acknowledgment of nor an accounting to the mortgagors. They have likewise paid taxes on the property. The mortgagors had actual notice of the morgagees' actions and did not object. As such acts evidence a claim inconsistent with the rights of the mortgagors, the mortgagees' possession of the property was permissibly deemed adverse by the district court.

[Headnote 4]

2.   NRS 11.150[1] is the general adverse possession statute, allowing a party who has adversely possessed property for five years and who has paid or tendered all taxes assessed on such property for the same period, to assert his possession against a known claimant. NRS 40.090[2] allows a party who has adversely possessed property for 15 years and paid the taxes thereon for 5 years preceding the action, to assert his possession against all

---

[1]NRS 11.150 states: In no case shall adverse possession be considered established unless it be shown, in addition to the requirements of NRS 11.120 or 11.140, that the land has been occupied and claimed for the period of 5 years, continuously, and that the party or persons, their predecessors and grantors have paid all taxes, state, county and municipal, which may have been levied and assessed against the land for the period mentioned, or have tendered payment thereof.

[2]NRS 40.090 provides in pertinent part: 1. An action may be brought to determine the adverse claims to and clouds upon title to real property by a person who, by himself, or by himself and his predecessors in interest, has been in the actual, exclusive and adverse possession of such property continuously for more than 15 years prior to the filing of the complaint, claiming to own the same in fee, or by any other freehold estate, *against the whole world,* and who has by himself or his predecessors in interest, paid all taxes of every kind levied or assessed and due against the property during the period of 5 years next preceding the filing of the complaint, . . . . (Emphasis added.)

claimants, known and unknown. The five-year requirement of NRS 11.150 does not conflict with the 15-year requirement of NRS 40.090 as NRS 40.120 states: "The remedy provided in NRS 40.090, 40.100 and 40.110 shall be construed as cumulative and not exclusive of any other remedy, form or right of action or proceeding now allowed by law." Therefore, the trial court did not err in applying NRS 11.150 to this action.

3. NRS 11.150 allows a party to assert his adverse possession where he has either paid or tendered payment of all taxes assessed against the property. Respondents have satisfied this requirement. The "paid all taxes" phrase embodied in NRS 40.090 is not relevant to this case.

Accordingly, we affirm.