DONALD POTTS, Appellant, v. WILLIAM VOKITS, MARY LOU VOKITS, VICTOR L. SMITH, Respondents.

No. 15041

January 4, 1985 692 P.2d 1304

*David Horton,* Carson City, for Appellant.

*David C. Polley,* Las Vegas, for Respondent Vokits.

*Richard C. Maurer,* Las Vegas, for Respondent Smith.

## OPINION

*Per Curiam:*

In 1955 respondent Victor Smith purchased by quitclaim deed a parcel of property in the Crescent Lode Mining Claim (Crescent Lode) in Tonopah, Nevada. The description in the deed

describes a quadrangular parcel containing 8,061 square feet of land.

In 1979 appellant Donald Potts purchased the Stone Cabin Lode Mining Claim (Stone Cabin) for the purpose of subdividing the area and selling the individual parcels. Stone Cabin is directly south of Crescent Lode and adjacent to Smith's record parcel. Two of the parcels of the Stone Cabin subdivision, lots 5 and 6, are at issue in this action. Lot 5 is still owned by appellant Potts, while lot 6 is owned by respondent Vokits. Vokits purchased lot 6 by quitclaim deed from Potts in 1980.[1]

Potts had the land surveyed for subdivision purposes. At that time it became apparent that Smith's residence was not within his record title parcel of land. In fact, Smith's garage is entirely within the boundaries of lot 5. Smith, however, claims that he owns a much greater parcel of land than that reflected in his deed. His claimed parcel of land contains approximately 33,930 square feet and includes lots 5 and 6 in the Stone Cabin subdivision, as well as other property in the Crescent Lode Claim.

The district court found that Smith acquired the entire 33,930 square feet through adverse possession and granted judgment in favor of Smith. The court also granted damages against Potts and in favor of Vokits for breach of warranty of marketability in the conveyance of lot 6. We reverse.

*Jurisdiction*

Potts initially argues that the district court lacked jurisdiction because of the absence of two indispensable parties. An indispensable party is a party who is "necessary" to an action but who, for some reason, cannot be made a party to that action. If a necessary party is found to be unavailable, the court must decide whether in equity and good conscience the action should proceed. If in equity and good conscience the action cannot proceed without the necessary party, that party is "indispensable" and the case must be dismissed. NRCP 19(b).

We hold these two parties are not "indispensable." There is no reason to believe their absence will result in complete relief not being accorded the present parties and there is no evidence that any interest of these two absent parties will even be affected. Therefore, the absence of these parties did not deprive the district court of jurisdiction.

---

[1]Vokits leveled part of lot 6 and brought a mobile home onto the property. Several other improvements, including a driveway and landscaping, were added to the parcel.

*Adverse Possession*

The district court found Smith had acquired the adjacent property through adverse possession. Adverse possession can be claimed under two separate sections of the Nevada Revised Statutes. NRS 11.110 through NRS 11.150 allow a party to assert his possession against a known claimant, while NRS 40.090 allows a party to assert his possession against all claimants known or unknown. In order to bind all claimants pursuant to NRS 40.090, there are certain requirements set forth in NRS 40.100 which must be met. Since there is no indication of compliance with NRS 40.100, the judgment can only be against known claimants pursuant to NRS 11.110 through NRS 11.150.

In order to claim adverse possession under NRS 11.150, the claimed property must be occupied and claimed for five years, continuously, and the claimant must pay all taxes assessed against the property for the same time period. In this case, Smith paid all taxes assessed against him by the Nye County Assessor but was under the belief that he was paying taxes on the entire claimed parcel of 33,930 square feet. The record indicates that taxes were only assessed for the record parcel of 8,061 square feet.[2]

The issue, then, is whether the payment of taxes is an absolute requirement for claiming land through adverse possession. This court has never held otherwise. *See* Crumbaker v. Kelly, 95 Nev. 743, 601 P.2d 1199 (1979); Reno Brewing Company v. Packard, 31 Nev. 433, 103 P. 415 (1909). Taxes were paid only on the 8,061 square feet of land. We hold therefore that Smith was not in adverse possession of the entire 33,930 square foot parcel, and the judgment is reversed.[3]

*Warranty of Marketability*

The district court found that respondent Vokits' property was subject to the same disabilities as Potts' and thus granted title to the property, by adverse possession, to Smith. The court also

---

[2]The statement of Taxable Property described, by metes and bounds, the 8,061 square feet record parcel. The statement, however, also makes reference to a "residence and garage." The residence extends slightly over the record parcel boundary line onto lots 5 and 6, and the garage is entirely within the boundary of lot 5. Smith argues this court should infer from this that taxes were assessed for the entire property. We decline to do so.

[3]The parties indicated at oral argument that a settlement would be reached regarding the residence which encroaches on lot 5 and the garage which is entirely on lot 5.

granted damages in favor of Vokits and against Potts for breach of implied covenant of marketability. Potts argues that the land was conveyed to Vokits by quitclaim deed and thus no covenants or warranties are conveyed with the title.

Because we hold Smith was not in adverse possession of the land in question, the award of damages to Vokits must also be reversed. Accordingly, judgment in favor of Smith and Vokits is reversed.