**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RALPH STEPHEN COPPOLA; R.S. COPPOLA TRUST - OCT. 19, 1995, | No. 22-16212 |
| Plaintiffs-Appellants, | D.C. No. 3:21-cv-00281-MMD-CSD |
| v. | |
| NATIONAL DEFAULT SERVICES; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Submitted October 2, 2023[**]
Las Vegas, Nevada

Before: RAWLINSON and OWENS, Circuit Judges, and FITZWATER,[***]
District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

1

Ralph Coppola (Coppola), as trustee of the R.S. Coppola Trust and sole beneficiary, appeals the district court's grant of judgment on the pleadings in favor of National Default Services (NDS) and Wells Fargo. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"We review de novo the district court's ruling on a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c)." *Daewoo Electronics Am. Inc. v. Opta Corp.*, 875 F.3d 1241, 1246 (9th Cir. 2017) (citation omitted). "Dismissal under Rule 12(c) is warranted when, taking the allegations in the complaint as true, the moving party is entitled to judgment as a matter of law. . . ." *Id*. (citation omitted). "We review for abuse of discretion a district court's decision to dismiss with prejudice." *Oregon Clinic, PC v. Fireman's Fund Ins. Co.*, 75 F.4th 1064, 1073 (9th Cir. 2023) (citation and internal quotation marks omitted). "If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Id*. (citation omitted).

1.      Coppola argues that the district court accepted NDS's facts as true rather than Coppola's facts. But, the record reflects that the district court accepted

the facts from Coppola's complaint and judicially noticed facts.[1] *See Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1053 (9th Cir. 2011) ("When considering a Rule 12(c) dismissal, we must accept the facts as pled by the nonmovant . . .") (citations omitted).

2.     The district court did not err in dismissing Coppola's adverse possession claim. "In order to claim adverse possession under NRS 11.150, the claimed property must be occupied and claimed for five years, continuously, and the claimant must pay all taxes assessed against the property for that same time period. . . ." *Potts v. Vokits*, 692 P.2d 1304, 1306 (Nev. 1985) (per curiam). Contrary to Coppola's assertion, he did not pay the property taxes. Rather, Wells Fargo paid the taxes. Therefore, Coppola failed to establish a plausible claim for adverse possession. *See id.* (determining that "payment of taxes is an absolute requirement for claiming land through adverse possession").[2]

---

[1]The district court granted NDS's unopposed motion to take judicial notice of "publicly-recorded documents, official letters from government agencies responsible for banking administration, and documents in state and federal courts." *See Prescott v. Santoro*, 53 F.4th 470, 485 n.8 (9th Cir. 2022) (granting unopposed motion for judicial notice).

[2]Coppola also argues that the district court erroneously applied mortgage standards rather than standards for a deed of trust. However, under Nevada law, a deed of trust is considered a type of mortgage. *See Edelstein v. Bank of N. Y. Mellon*, 286 P.3d 249, 254 (Nev. 2012).

**3.** To establish breach of contract, a plaintiff must demonstrate "(1) the existence of a valid contract, (2) that the plaintiff performed, (3) that the defendant breached, and (4) that the breach caused the plaintiff damages." *Iliescu Fam. 1992 Tr. v. Regional Transp. Comm'n of Washoe Cnty.*, 522 P.3d 453, 458 (Nev. App. Ct. 2022) (citations omitted). Here, Coppola did not perform his obligation under the contract. Coppola acknowledged in his complaint that he did not make payments to Wells Fargo as required by the loan agreement. Because Coppola failed to perform his obligation under the contract, he cannot establish breach of contract on the part of Wells Fargo. *See id*.

**4.** Coppola argues that NDS "violated the impartiality requirement of NRS § 107.028(6)" because Wells Fargo and NDS are "one and the same." However, as the district court determined, this conclusory statement did "not meet the pleading requirements of Federal Rule of Civil Procedure 8." *See Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

Additionally, Coppola raises for the first time on appeal that NDS violated NRS § 107.028(6). *See In re America West Airlines, Inc.*, 217 F.3d 1161, 1165 (9th Cir. 2000) ("Absent exceptional circumstances, we generally will not consider arguments raised for the first time on appeal . . .") (citations omitted).

**AFFIRMED.**[3]

---

[3]Coppola challenged in his Opening Brief the district court's dismissal of his wrongful foreclosure claim. However, he abandoned the claim in his Reply Brief.