CRISTIN et al. v. LEONARD.

(Circuit Court of Appeals, Second Circuit. November 11, 1913.)

No. 10.

1. CONTRACTS (§ 330*)—BREACH—NECESSARY PARTIES.
  In an action for breach of a contract for the sale of corporate stock, the evidence showed that defendant agreed that on the incorporation of the company and delivery of its whole capital stock he would transfer certain mining property to it, and pay 5,000 shares into the treasury, and give 10,000 shares to plaintiffs and L. on their selling 10,000 other shares of defendant's stock so as to net defendant $50,000 in cash. *Held*, that L. was an indispensable party to the suit.
  [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1589, 1591–1594, 1596, 1597, 1602–1604; Dec. Dig. § 330.*]

2. CONTRACTS (§ 346*)—BREACH—ALLEGATION AND PROOF.
  In an action for breach of a contract, plaintiff must not only prove the contract alleged in the complaint, but show performance on his part.
  [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1714, 1718–1751; Dec. Dig. § 346.*]

In Error to the District Court of the United States for the Southern District of New York.

Action by Jules Ami Cristin and another against Charles R. Leonard. Judgment for defendant, and plaintiffs bring error. Affirmed.

F. L. Crocker, of New York City, for plaintiffs in error.
S. Robinson, of New York City, for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. This is an action at law. The complaint sets up three causes of action:

First, that the plaintiffs Cristin and Lockhart, at the defendant's request, organized a corporation with a capital of $200,000 in 40,000 shares of $5 each, which was delivered to the defendant in exchange for certain mining property, he agreeing to pay 5,000 shares of stock into the treasury; that in consideration of this service and further of the plaintiff's selling $25,000 of the defendant's stock at par, the defendant agreed to give to them and his brother, Frank M. Leonard, 5,000 shares of his stock; that the plaintiffs did organize the company and sell the said stock, and have demanded two-thirds of the said 5,000 shares, which the defendant has refused to deliver.

Second, that in consideration of the aforementioned service and of a sale of another 5,000 shares of the defendant's stock at par, the defendant agreed to give other 5,000 shares of his stock to the plaintiffs

and Frank M. Leonard; that the plaintiffs sold 1,000 shares of the said stock, but the defendant has refused to permit them to sell the balance, wherefore they claim two-thirds of the value of said 5,000 shares.

Third, that in consideration of the aforementioned service and the sale of 10,000 shares of the defendant's stock, netting him $50,000, the defendant agreed to give to the plaintiffs and Frank M. Leonard 10,000 shares of his stock,' 5,000 shares upon the receipt of the first $25,000 and 5,000 shares upon the receipt of the second $25,000; that the plaintiffs sold 6,000 shares, but the defendant refuses to let them sell the balance or to pay them anything at all for their services.

The complaint alleges that Frank M. Leonard's interest was not joint with theirs, but severable, and that he has received one-third of the said stock compensation mentioned or its equivalent from the defendant.

[1, 2] It appeared at the trial that the defendant had never had any personal communication, either oral or in writing, with the plaintiffs. He and his brother Frank were both examined as witnesses for the plaintiffs. Frank M. Leonard was not asked as to the extent of his authority to make a contract for the defendant. Upon that subject the defendant's was the only testimony, and was that he agreed that upon the incorporation of the company and the delivery to him of its whole capital stock, to transfer certain mining property to it and pay 5,000 shares into the treasury, and to give 10,000 shares to the plaintiffs and Frank M. Leonard upon their selling 10,000 shares of his own stock so as to net him $50,000 in cash.

Upon this state of the testimony the trial judge directed a verdict for the defendant. He thought there was a defect in parties, Frank M. Leonard not being made either a plaintiff or a defendant, and that there was no proof of any contract alleged in the complaint, nor any proof of performance of the contract proved at the trial.

We see no error in this, and the judgment is affirmed.