## ROOS v. TEXAS CO.

Circuit Court of Appeals, Second Circuit.
July 18, 1927.

On Rehearing, December 19, 1927.

No. 352.

**Courts ⬥343—In suit for accounting for half of income of oil leases charged with one-fourth interest of plaintiff's attorneys, attorneys held indispensable parties (Comp. St. § 1032; equity rule 39).**

Where plaintiff conveyed oil leases to defendant corporation's president, in trust for defendant and plaintiff in equal shares, under agreement that defendant's president would develop property, collect the income, and turn over to plaintiff one-half of net income, such half to be charged with a one-fourth interest in favor of plaintiff's attorneys, *held* that, notwithstanding Judicial Code, § 50 (Comp. St. § 1032), and equity rule 39, plaintiff's attorneys were indispensable parties in plaintiff's suit against defendant for an accounting, since they had lien, and therefore a priority, in any payments to plaintiff, and in case of default in payments had first call on any recovery by plaintiff.

On Rehearing.

**2. Contracts ⬥175(1)—It could not be assumed sentence was put in contract without intent to affect parties' rights, while it could have reasonable intendment.**

It could not be assumed that sentence was put in contract without intent to affect the parties' rights, while it could have a reasonable intendment.

Appeal from the District Court of the United States for the Southern District of New York.

Suit by Edward Roos against the Texas Company. Decree for defendant, dismissing the bill, because of the absence of indispensable parties, and plaintiff appeals. Affirmed.

The bill alleged in substance as follows: The plaintiff got an option from their owner upon certain oil leases in Mexico, and entered into an agreement with the Producers' Oil Company to convey them, when he took up the option, to one Brooks, its president, in trust for that company and the plaintiff in equal shares, the company to develop the property. The plaintiff took up the option and the property was conveyed to Brooks. The defendant "dominated and controlled" both Brooks and the company, which was its "producing branch or arm," and when the company was dissolved the defendant took over all its assets. Disputes arising between the parties, on February 16, 1917, a contract was made between Brooks of the first part, the plaintiff of the second, and his three attorneys of the third. This recited that Brooks held one-half the beneficial interest in the land, and the plaintiff the remainder, "subject to the interest of parties of the third part, as hereinafter provided." Brooks agreed to develop the property, holding the legal title, and advancing all necessary moneys. He was to collect the income and to "turn over to the party of the second part and parties of the third part * * * their respective shares and portions, in accordance with their interests as hereinbefore [hereinafter?] stated." After certain deductions the "parties of the third part shall be paid in equal shares as between themselves one-fourth of the remaining net revenues and income from said leases to party of the second part, payment thereof to be made by party of the first part. The one-half interest of the party of the second part is forever charged with said one-fourth interest in the profits, revenues, and income accruing therefrom in favor of parties of the third part." Brooks was allowed to convey the property to any corporation all of whose shares were owned by the defendant. He was to render an account monthly to the "party of the second part and parties of the third part," who were to have access to the books.

The bill then alleged that the defendant incorporated a Mexican corporation, to which Brooks transferred the leases as provided in the contract. The defendant held the beneficial interest in all the shares of this corporation, which was "nothing but the instrumentality or agent of the defendant for the transaction of its business in Mexico," and has been "fully dominated and completely controlled" by it ever since. The defendant thereafter mismanaged the properties in many ways, failing to develop it, preferring in development other properties in which it had the whole interest, selling the oil at unfair prices, and failing to account as it should. The bill prayed an accounting.

The defendant asserted that the attorneys and the Mexican company were indispensable parties, and the District Court so held.

Roosevelt & O'Connor, of New York City (Franklin D. Roosevelt, D. Basil O'Connor, and Arnold T. Koch, all of New York City, of counsel), for appellant.

T. J. Lawhon, of Houston, Tex., and Harry T. Klein, of New York City, for appellee.

Before L. HAND and SWAN, Circuit Judges.

L. HAND, Circuit Judge (after stating the facts as above). The bill is so much made up of charges of evidence and rhetorical nar-

rative that it is nearly impossible to ascertain from it the "ultimate facts." The pleader has wholly disregarded equity rule 25, and proceeded as if he were drafting an ancient bill in equity. However, with this we have nothing to do at present; the only question is whether the Mexican corporation and the plaintiff's attorneys were indispensable parties to the suit. The defendant's argument is that no decree can be entered which will not so involve their interests as to prevent justice being done.

Section 50 of the Judicial Code (Comp. St. § 1032) and rule 39 of the Equity Rules, so far as here relevant, are identical in substance; they give discretion to the court to proceed without parties ordinarily necessary under equity practice, but prescribe that the decree must be without prejudice to those who are absent. In many decisions it has been laid down that the test is one of substance; that is, whether the plaintiff can obtain relief which will later leave open to the absent parties the effective assertion of their rights, Shields v. Barrow, 17 How. 129, 15 L. Ed. 158; Mallow v. Hinde, 12 Wheat. 193, 6 L. Ed. 599; Payne v. Hook, 7 Wall. 425, 19 L. Ed. 260; Gregory v. Stetson, 133 U. S. 579, 10 S. Ct. 422, 33 L. Ed. 792; California v. So. Pac. Co., 157 U. S. 229, 15 S. Ct. 591, 39 L. Ed. 683; Waterman v. Canal-Louisiana Bank, 215 U. S. 33, 30 S. Ct. 10, 54 L. Ed. 80; Camp v. Gress, 250 U. S. 308, 39 S. Ct. 478, 63 L. Ed. 997; Commonwealth Trust Co. v. Smith, 266 U. S. 152, 45 S. Ct. 26, 69 L. Ed. 219. The general statement does little to advance matters, until one knows what is the test by which to ascertain when such rights can be protected and when not, and this we understand to be an entirely practical question, dependent in each case upon the facts.

The decisions are numerous and complicated in the facts; from them it is impossible to extract any general rule. Rescission of a contract, or declaration of its invalidity, as to some of the parties, but not as to others, is not generally permitted. Shields v. Barrow, supra; Board of Trustees of Oberlin College v. Blair (C. C.) 70 F. 414; Vincent Oil Co. v. Gulf Refining Co., 195 F. 434 (C. C. A. 5). Williams v. Crabb, 117 F. 193, 59 L. R. A. 425 (C. C. A. 7), seems hardly consistent with these. In partition suits it is plain that all parties must be present. Barney v. Baltimore, 6 Wall. 280, 18 L. Ed. 825. So, too, when transfers of possession, or injunctions, are at stake. South Penn Oil Company v. Miller, 175 F. 729 (C. C. A. 4). Possibly Associated Oil Co. v. Miller, 269 F. 16 (C. C.

A. 5), might have gone the other way, since the rights of the absent parties would not seem to have been prejudiced by any decree. Our decision in Cristin v. Leonard, 209 F. 49, was apparently in an action by two out of three joint obligees, and, as it would have been impossible for the obligees to recover a proportionate part of the damages, the absent obligee was thought indispensable. Not so, however, in the case of joint obligors. Camp v. Gress, 250 U. S. 308, 39 S. Ct. 478, 63 L. Ed. 997.

On the other hand, it is well settled that a part of the beneficiaries of a trust may sue alone, though the fiduciary may later be subjected to another suit. Payne v. Hook, 7 Wall. 425, 19 L. Ed. 260; Waterman v. Canal-Louisiana Bank, 215 U. S. 33, 30 S. Ct. 10, 54 L. Ed. 80; Rogers v. Penobscot Mining Co., 154 F. 606 (C. C. A. 8); Thomas v. Anderson, 223 F. 41 (C. C. A. 8). This was the rationale of Williams v. Crabb, in spite of its involving a declaration of the invalidity of a will and deed. In the case at bar we think that this last rule would be applicable, were it not for the provision charging the whole half with a one-fourth interest therein reserved to the attorneys. Otherwise, the case appears to us indistinguishable from the usual one where the beneficiaries hold in separate rights. Brooks was to pay the attorneys directly, and each party had a separate right of action, if both were not within the reach of process. The inconvenience to the trustee from a duplication of suits is not considered a sufficient counterweight to the hardship of denying any relief to a beneficiary who cannot bring in all. Williams v. Crabb, supra.

However, we cannot ignore the charge of the attorneys' one-fourth interest upon the joint share of themselves and the plaintiff. This was, of course, meant to have some effect, and we can interpret it in no other way than as giving them a lien upon, and therefore a priority in, any payments made upon that half. We do not forget the plaintiff's argument that the two interests were to be paid by Brooks directly and pari passu. That, of course, was true, and was indeed practically necessary, since the attorneys' interest was not measured by a fixed sum, but by an aliquot part. Priority could not mean that they should be paid all their share before the plaintiff got any. Nevertheless the charge did mean something, and that something some kind of security. What could the security be? It means that, in the event of a default by Brooks in paying to them their share of any income actually due, the attorneys should

have a lien upon the whole amount due. Brooks might and should pay both interests in their proportions as the money was earned, but, if he failed, the attorneys had first call upon what could be recovered.

If this be correct, then it is plainly a violation of the contract to allow the plaintiff to recover three-fourths of the moneys due, leaving the attorneys to recover their one-fourth by a separate suit. By hypothesis this money is already due, and the defendant, vice Brooks, has failed to pay it. It should pay both, no doubt; but, there being a default, as between the two the attorneys are preferred. Thus only can their lien be preserved. We have no right to take judicial notice that, if the plaintiff recovers, the defendant must inevitably be responsible for the balance. It leaves the attorneys in a very different position from that stipulated to allow the plaintiff to make off with his share, leaving them to sue the defendant for theirs, and, if they are unsuccessful, to pursue the plaintiff personally. They had a lien on the joint interest and this must be preserved.

It would at first blush seem true that the decree might provide for this by impounding a third of the plaintiff's recovery in the registry of the court for the attorneys' benefit, but there are difficulties also in that. The plaintiff might succeed in recovering less than the full amount actually due upon the joint interest. He might even claim less than the attorneys would be content to accept. Certainly in his accounting his proof might fail to establish all that they might prove. To reserve only a third of his recovery would not therefore protect the attorneys. On the contrary, their lien extends to one-third, not of what he recovers, but of what is the true unpaid income which he should recover. Only in a suit to which they are parties, and by the decree in which they are estopped, can that be established so as to conclude them. Hence it is impossible to ascertain how much of the plaintiff's recovery must be impounded, and the whole would have to be retained, which is in substance a denial of any relief at all.

Therefore the case appears to us to be one where the rights of the beneficiaries are so entangled with one another that it is practically impossible in the decree to protect those who are absent. They are indispensable to any dealing with the case at all. There is no apparent injustice in the result. All the necessary defendants, except the Mexican company, are citizens of Texas, and the plaintiff himself is "temporarily residing" there. Why the suit should be brought here it is difficult to see. At any rate, it may not be so brought, unless justice to the absent parties can be done, and we cannot see how this may be assured.

It is therefore unnecessary to consider whether the Mexican company is also an indispensable party.

Decree affirmed.

MANTON, Circuit Judge, took no part in the decision of this case.

On Rehearing.

Before L. HAND and SWAN, Circuit Judges, and CAMPBELL, District Judge.

PER CURIAM. A rehearing was ordered in this case, because only two judges had taken part in the original decision. After a second argument, the merits of the case have been reconsidered at large, but without change in result. The question turns upon the meaning of the contract, particularly of the fourth article. We can see nothing to add to our original discussion. It is, of course, possible that the second sentence of that article was thrown in out of abundant caution and without intent to affect the parties' rights. That, however, is not to be assumed while it can have a reasonable intendment.

We say nothing as to the validity of a bill which should allege that Lane, Wolters, and Storey had ceased to have any interest in the contract or its performance.

Decree affirmed.