## THIRD DEPARTMENT, JUNE, 1984

### (June 7, 1984)

■ In the Matter of NEW YORK STATE ASSOCIATION OF PLUMBING-HEATING-COOLING CONTRACTORS, INC., Appellant, v JOHN C. EGAN, as Commissioner of General Services of the State of New York, et al., Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Prior, Jr., J.), entered January 31, 1983 in Albany County, which converted petitioner's application, in a proceeding pursuant to CPLR article 78, into an action for declaratory judgment and declared that the State respondents illegally awarded certain construction contracts, but denied petitioner's prayer for relief seeking return to the State of moneys paid to respondent contractors in accordance with said contracts. ¶ The facts underlying this matter may be found in our previous decision in *Matter of New York State Assn. of Plumbing-Heating-Cooling Contrs. v Egan* (86 AD2d 100, affd 60 NY2d 882), where we determined that the State respondents failed to comply with the competitive bidding requirements of section 135 of the State Finance Law in awarding certain construction contracts, and that the contractors, Roger P. Kennedy General Contractor, Inc., and Dominick Dan Alonzo, Inc., were necessary parties upon whom service of a supplemental summons was required to achieve a binding adjudication with respect to the validity of the contracts. Following this court's decision, petitioner's attempt to effect service of a supplemental summons and petition on April 29, 1982 was rendered ineffective by respondents' interim motion for leave to appeal to the Court of Appeals (CPLR 5519, subd [a]). After respondents' motion for leave to appeal was dismissed (*Matter of New York State Assn. of Plumbing-Heating-Cooling Contrs. v Egan,* 56 NY2d 1030), petitioner re-served the supplemental summons and petition on July 14, 1982. In the supplemental petition, petitioner added a request for the return to the State of all sums paid to the contractors and for counsel fees. Both contractors answered, objecting that the petition improperly requested relief different from that in the original petition, and raised, as affirmative defenses, laches and the Statute of Limitations. The State respondents also opposed the relief sought. By judgment entered January 31, 1983, Special Term converted the CPLR article 78 proceeding into a declaratory judgment action and found that the contracts were awarded in violation of section 135 of the State Finance Law, but that due to a multitude of factors, "the principles of gross laches, equitable estoppel and equity" required the denial of any relief as against the two contractors. Petitioner appeals only from so much of the judgment as dismissed the petition and rejected the request for counsel fees. ¶ There should be an affirmance. Petitioner argues that since the contracts awarded to respondent contractors were void and unenforceable, neither contractor should be allowed to retain the funds paid for the work performed. The record establishes that the Alonzo contract was completed by January 12, 1982 and the Kennedy contract by February 25, 1982, with payments having been made

on a weekly basis during the course of each project. As noted in our previous decision, "[a] contractor who has performed work pursuant to a noncomplying contract may be denied recovery, either under its agreement or on the basis of *quantum meruit,* even when the unit of government has received the benefit of performance" (*Matter of New York State Assn. of Plumbing-Heating-Cooling Contrs. v Egan, supra* p 103). Where, as here, payment has been made, the State may be entitled to full recovery (see *S. T. Grand, Inc. v City of New York,* 32 NY2d 300, 305; *Elia Bldg. Co. v New York State Urban Dev. Corp.,* 54 AD2d 337). At a minimum, petitioner argues for a partial forfeiture of respondent contractors' interests. The gravamen of this case, however, is whether Special Term correctly found that petitioner is barred by either the Statute of Limitations or laches from seeking such relief. ¶ In view of this court's previous decision ordering petitioner to join respondent contractors in the instant proceeding, petitioners were authorized to serve a supplemental petition including the claims not previously made for monetary relief against the contractors. Since the supplemental petition did not add any causes of action against the original State respondents, it does not constitute an "amended petition" within the parameters of CPLR 3025. Moreover, petitioner was obligated to include all claims against respondent contractors arising from the subject transactions to avoid the risk of preclusion from maintaining these claims at a later date (see *Smith v Russell Sage Coll.,* 54 NY2d 185, 192-193). ¶ We conclude, nonetheless, that the Statute of Limitations precludes petitioner's demand for relief. Contrary to petitioner's suggestion, this court's direction that petitioner join respondent contractors as parties did not preclude respondents from raising all available defenses. CPLR 217, in pertinent part, requires a CPLR article 78 proceeding to be commenced within four months "after the respondent's refusal, upon the demand of the petitioner * * * to perform its duty". Here, petitioner's order to show cause and petition, which was served on the State respondents on October 20, 1981, clearly constituted a demand to discontinue the bidding process. The State respondents' answer dated October 29, 1981, refusing the demand, may properly be deemed to mark the commencement of the statutory four-month period. Significantly, an affidavit accompanying the State respondents' answer stated that both Kennedy and Alonzo had been awarded construction contracts, which had been approved by the Comptroller on October 27 and 28, 1981, respectively, and that work was in progress. The fact that petitioner's attorney directed a certified letter, dated October 30, 1981, to each contractor does not serve as an acceptable substitute for service. While petitioner amended its petition in November of 1981 to add the Comptroller as a respondent party, no attempt was made to name respondent contractors as parties. These circumstances prevailing, petitioner's attempts at service of the supplemental petition on April 29, 1982, and again on July 14, 1982, were beyond the four-month statutory period and thus ineffective (see, e.g., *Passonno v County of Rensselaer,* 87 AD2d 693, app dsmd 59 NY2d 970; *Tabolt v KMZ Enterprises,* 52 AD2d 995, affd 43 NY2d 687; 2 Weinstein-Korn-Miller, NY Civ Prac, par 1003.08). Nor can we accept petitioner's attempt to circumvent this result on the basis of a "continuing wrong" theory. Periodic progress payments made by the State to each contractor during construction does not serve to extend the limitations period. *Matter of Posner v Rockefeller* (60 Misc 2d 597, revd on other grounds 33 AD2d 683, affd 25 NY2d 720), relied upon by petitioner, is distinguishable in that the objectionable conduct involved the ongoing expenditure of funds in accordance with specific provisions of certain State budgets. ¶ We further agree with Special Term's conclusion that petitioner is precluded from relief on the basis of laches. Petitioner was aware of the contractors' identities as early as October 30, 1981 and yet elected not to take any action against them. We

cannot agree with petitioner that the burden was on respondent contractors to intervene. The attempt to join each of these contractors as parties after completion of the project is unreasonable in view of such early notice (see *Matter of General Bldg. Contrs. v Board of Trustees,* 42 AD2d 660, 661). Since the laches doctrine employed here is not that of equitable laches, respondent contractors were not required to demonstrate prejudice from the delay (*Matter of Central School Dist. No. 2 v New York State Teachers Retirement System,* 27 AD2d 265, 268, affd 23 NY2d 213; see McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 217:1, p 508). ¶ Finally, we find no abuse of discretion in Special Term's denial of an award for counsel fees to petitioner, which neither alleged nor proved it was a taxpayer seeking relief pursuant to article 7-A of the State Finance Law (cf. *Gerzof v Sweeney,* 22 NY2d 297; *Elia Bldg. Co. v New York State Urban Dev. Corp.,* 54 AD2d 337, *supra*). ¶ Judgment affirmed, without costs. Kane, Casey and Weiss, JJ., concur; Mahoney, P. J., and Levine, J., concur in the result only.