# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARK GUZY,
Petitioner,
vs.
THE NINTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
DOUGLAS; AND THE HONORABLE
NATHAN TOD YOUNG, DISTRICT
JUDGE,
Respondents,
and
MARY ANN GUZY,
Real Party in Interest.

No. 76605

**FILED**

FEB 07 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER DENYING PETITION*

This is an original petition for a writ of prohibition or mandamus challenging a district court order setting aside an order of dismissal. Ninth Judicial District Court, Douglas County; Nathan Tod Young, Judge.

Petitioner Mark Guzy and real party in interest Mary Ann Guzy each obtained, in separate actions, judgments against Arbor Company, LLP, Darrell James Guzy, Sr., and Marcia O. Guzy (collectively, Arbor). Mark, Mary Ann, and Arbor entered into a settlement agreement to satisfy both judgments and certain disputes were submitted to arbitration. Because the arbitrator found that Arbor overpaid Mark's judgment based on an incorrect interest rate, the arbitrator ordered Mark to pay Mary Ann the overpayment, as a credit for Arbor's unpaid judgment to Mary Ann.

Mark initiated proceedings in the district court against Arbor, requesting that the district court vacate the arbitration award. However,

19-05901

the district court confirmed the award. Mark appealed the district court's order. This court affirmed the arbitration award but reversed and remanded for the district court to determine who Mark should pay, if it all, because this court took judicial notice of a district court order establishing Mary Ann's full satisfaction of judgment. Once this court issued the remittitur, Mary Ann filed a motion to interplead in Mark's lawsuit against Arbor in the district court. Mark and Arbor then filed a stipulated dismissal. The district court subsequently entered an order of dismissal, however, it rescinded its order after Mary Ann filed a motion for reconsideration. Mark now seeks a writ of prohibition, or in the alternative, a writ of mandamus, arguing that (1) the district court acted in excess of its jurisdiction by rescinding its order of dismissal after he and Arbor filed a stipulated dismissal, and (2) the district court violated his due process right because he was not given an opportunity to object to Mary Ann's motion for reconsideration.

We exercise our discretion to entertain Mark's writ petition because important issue of law needs clarification and the circumstances of this case reveal a necessity to entertain the petition. *See Oxbow Constr., LLC v. Eighth Judicial Dist. Court*, 130 Nev. 867, 872, 335 P.3d 1234, 1238 (2014); *Jeep Corp. v. Second Judicial Dist. Court*, 98 Nev. 440, 443, 652 P.2d 1183, 1185 (1982).

NRCP 41(a)(1)(ii) provides that the plaintiff may dismiss the action *without a court order* "by filing a stipulation of dismissal signed by *all parties* who have appeared in the action." (Emphasis added). Thus, "[o]nce the stipulation has been signed *and filed*, dismissal is effectuated automatically without need of judicial affirmation" and the district court may not "intervene or otherwise affect the dismissal." *Jeep Corp.*, 98 Nev.

 

at 443-44, 652 P.2d at 1186 (emphasis added). Further, this court has traditionally taken a narrow definition of the term "party" and defined it as a "person or entity [that] has been served with process, appeared in the court below *and* has been named as a party of record in the trial court." *Valley Bank of Nev. v. Ginsburg,* 110 Nev. 440, 448, 874 P.2d 729, 735 (1994) (determining the meaning of the term "party" within NRAP 3A); *see also Aetna Life & Cas. Ins. Co. v. Rowan,* 107 Nev. 362, 363, 812 P.2d 350, 350 (1991) (providing, "a proposed intervenor does not becomes a party to a lawsuit unless and until the district court grants a motion to intervene"). Thus, it initially appears that the district court exceeded its jurisdiction by rescinding the order of dismissal because Mark and Arbor, as parties to the lawsuit, filed a stipulated dismissal.

Nevertheless, in the case at bar, Mary Ann filed a motion seeking to participate in the action before the parties' stipulation to dismiss was filed. Further, the record suggests that Mary Ann was *required* to participate in the action as a necessary party. Pursuant to NRCP 19(a), a party shall be joined (1) if the party's absence would make complete relief among existing parties impossible or (2) if the absent party has a material interest in the subject matter such that its participation in the lawsuit is essential for the district court to issue a complete and binding decree that (a) does not impair or impede the party's ability to protect that interest or (b) subject the existing parties to a substantial risk of additional or inconsistent obligations. *See Potts v. Vokits,* 101 Nev. 90, 92, 692 P.2d 1304, 1306 (1985). Such a person is deemed to be a necessary party, and this court has held that "a district court is obligated to, sua sponte, join a necessary party under NRCP 19(a)." *Blaine Equip. Co. v. State,* 122 Nev. 860, 864-65, 138 P.3d 820, 822 (2006).

Pursuant to NRCP 19(a)(2), Mary Ann is an necessary party because she claims a material interest in the subject matter such that her participation is essential for the district court to issue a complete and binding decree that does not impair or impede her ability to protect her interest. The arbitration award intertwined Mark and Mary Ann's interest by ordering that Mark pay Mary Ann the overpayment on his judgment against Arbor to satisfy her unpaid judgment against Arbor. In Mary Ann's case against Arbor, the district court's order stated that Mary Ann was owed $3,268,873.26 and ordered Arbor to pay $1,456,381.35. The district court's calculations were based on a forensic accounting attached to the arbitration award, which provided that the total balance due to Mary Ann ($3,192,497.13) minus the overpayment to Mark including accrued interest ($1,736,905.78) equals the "undisputed" amount due to Mary Ann ($1,455,391.35). Mark previously requested that this court take judicial notice of the district court's order establishing Mary Ann's judgment satisfied in full; however, that order was based on the $1,455,391.35 Arbor was ordered to pay Mary Ann. The district court's order does not state whether the $3,268,873.26 due to Mary Ann was satisfied. In his reply brief in this writ petition, Mark stated that he "has never represented to any court that he paid the arbitration award involving the interest overpayment issue," suggesting that Mary Ann's judgment was never actually fully satisfied.

The parties' stipulation to dismiss did not end the district court's jurisdiction because Mary Ann filed her motion prior to filing of the stipulated dismissal, and, in any event, the failure to include Mary Ann was fatal to the stipulation to dismiss. Because Mary Ann is a necessary party to the action and the issue may be raised sua sponte by the court, the district

 

court did not act in excess of its jurisdiction in rescinding the order of dismissal, nor did it commit an arbitrary or capricious exercise of discretion. As a result, we

ORDER the petition DENIED.[1]

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver


cc:   Hon. Nathan Tod Young, District Judge
      Lemons, Grundy & Eisenberg
      Guardian Law Group
      Heritage Law Group, PC
      Bowen Hall
      Douglas County Clerk

---

[1]In light of this order, we need not address Mark's due process argument.